UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

HAROLD HAYES,

          Petitioner,          Case No. 2:22-cv-176

v.                                      Honorable Jane M. Beckering

DONALD CURLEY,

          Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.     Factual allegations**

Petitioner Harold Hayes is incarcerated with the Michigan Department of Corrections at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. On March 5, 2021, Petitioner pleaded guilty in the Kent County Circuit Court to being a felon in possession of a weapon, in violation of Mich. Comp. Laws § 750.224f, and possession of a weapon during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227. In exchange for Petitioner's plea, the prosecutor agreed to dismiss a charge that Petitioner carried a concealed weapon and a fourth habitual offender sentence enhancement. On May 11, 2021, the court sentenced Petitioner to a prison term of 1 year, 6 months to 5 years for being a felon in possession of a weapon, to be served consecutively to a sentence of 2 years for felony-firearm.

Petitioner sought leave to appeal his convictions and sentences to the Michigan Court of Appeals. (Pet., ECF No. 1, PageID.2.) That court denied leave by order entered January 4, 2022, "for lack of merit in the grounds presented." *People v. Hayes*, No. 359194 (Mich. Ct. App., Jan. 4, 2022). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2.) The supreme court denied leave by order entered May 31, 2022. *People v. Hayes*, 974 N.W.2d 201 (Mich. 2022).

Petitioner recently filed his habeas corpus petition raising the same ground for relief that he raised in the state appellate courts:

> I.     Where the defendant was incarcerated and made two motions to dismiss under the 180-day rule, should this case have been dismissed for violation of the jurisdictional requirement of proceeding to trial within 180 day[s]?

(Pet., ECF No. 1, PageID.2, 5.)

The Court's form petition asks the petitioner to attach copies of briefs filed on his or her behalf in the state courts. Petitioner did not attach those documents because he did "not have any

2

documents that [were] filed on [his] behalf with respect to [his] conviction." (*Id.*, PageID.13.) To fill that gap, the Court has reviewed the file from the Kent County Circuit Court, *People v. Hayes*, No. 20-02515-FH (Kent Cnty. Cir. Ct.), as well as the Michigan appellate court dockets.[1]

Under the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, a federal court conducting initial review of a habeas petition may consider "any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Rule 4 Advisory Committee Notes. Moreover, a court is permitted to "take judicial notice of facts contained in state court documents pertaining to [a petitioner]'s prior conviction so long as those facts can be accurately and readily determined." *United States v. Davy*, 713 F. App'x 439, 444 (6th Cir. 2017) (citing *United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012)). For both reasons, the Court relies on the public records of the trial court and the appellate courts in conducting its review under Rule 4.

## II. AEDPA standard

The Antiterrorism and Effective Death Penalty Act (AEDPA) "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision

---

[1] The docket entries for the Michigan Court of Appeals and Michigan Supreme Court are available at https://www.courts.michigan.gov/c/courts/coa/case/359194 (last visited September 21, 2022).

that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

4

comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

5

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III. Discussion

A valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

Under *Tollett*, "[b]ecause 'the right to a speedy trial is not a jurisdictional issue,' a defendant waives any challenge to his conviction on speedy-trial grounds when he enters an unconditional guilty plea." *Johnson v. Eppinger*, No. 18-4050, 2019 WL 5571445, at *2 (6th Cir. Feb. 25, 2019) (quoting *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)). The *Tollett* rule does not apply "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues . . . ." *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975). In Michigan, however, because the speedy trial right impacts personal jurisdiction, not subject matter jurisdiction, the right is waivable, and is waived by a valid guilty plea. *See People v. Lown*, 794 N.W.2d 9, 22–23 (Mich. 2011) (citing with approval *People v. Eaton*, 459 N.W.2d 86 (Mich. Ct. App. 1990) and Justice Boyle's concurring opinion in *People v. Smith*, 475 N.W.2d

6

333, 335–40 (1991)[2] both concluding that an unconditional guilty plea waived constitutional and statutory claims relating to the speedy trial guarantee).

Additionally, the Michigan courts do allow a conditional plea in some circumstances. *People v. Reid*, 326 N.W.2d 655 (Mich. 1984).[3] It appears that a guilty plea conditioned on the right to appeal speedy trial issues is possible if the defendant, judge, and prosecutor consent. *See, e.g., People v. Evans*, No. 195271, 1998 WL 1997715, at *1 (Mich. Ct. App. Jan. 9, 1998) ("Over prosecutorial objection, the trial court allowed defendant to tender a conditional guilty plea, so as to preserve for appeal a speedy trial issue. This Court notes that conditional guilty pleas are permissible only with the consent of the defendant, the judge, *and* the prosecutor." (emphasis in original)).

The Court has reviewed the transcript of the March 5, 2021, plea hearing. There is no suggestion that the plea was conditioned on Petitioner's right to raise the speedy trial challenge on appeal and certainly no agreement by the judge or the prosecutor to such a conditional plea. Therefore, Petitioner has failed to show that the state appellate court's rejection of Petitioner's speedy trial challenge after his unconditional guilty plea is contrary to, or an unreasonable application of, clearly established federal law and Petitioner is not entitled to habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] *Smith* was overruled by *People v. Williams*, 716 N.W.2d 208 (Mich. 2006). *Williams* overruled *Smith* on grounds other than the reasoning offered by Justice Boyle in her *Smith* concurring opinion.
[3] The conditional plea possibility discussed in *Reid* is "in addition to" the jurisdictional challenges that survive a plea. *People v. New*, 398 N.W.2d 358, 364 (Mich. 1986).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   October 7, 2022          /s/ Jane M. Beckering
                                                                                                Jane M. Beckering
                                                                                                United States District Judge